UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEREMY JOSEPH BROWN,<br><br>    Petitioner,<br><br>v.<br><br>KEITH YORDY,<br><br>    Respondent. | Case No. 1:14-cv-00241-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Jeremy Joseph Brown's Petition for Writ of Habeas Corpus, challenging his judgment of conviction, in Latah County, for aggravated battery. (Dkt. 1.) Respondent has filed a Motion for Summary Dismissal. (Dkt. 10.) Petitioner has filed a response to the Motion, and Respondent has filed a Reply. (Dkt. 13, 14.) The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on December 1, 2014, and December 17, 2014. (Dkt. 9, 11.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 8.) Having carefully reviewed the record, including the state court record, the Court finds that

**MEMORANDUM DECISION AND ORDER - 1**

the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case.

1. **Standard of Law for Summary Dismissal**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

2. **The Instant Habeas Petition Is Barred by 28 U.S.C. § 2244(b)**

Petitioner previously filed a habeas corpus action in this Court challenging the same aggravated battery conviction. *See Brown v. Smith*, Case No. 1:12-cv-00112-REB. That petition was dismissed with prejudice on January 14, 2013. Petitioner filed a post-judgment motion to reconsider, as well as a post-judgment motion to hold case in abeyance, both of which the Court denied. This Court, and the Ninth Circuit, declined to issue a certificate of appealability. (Dkt. 29, 44, & 45, Case No. 1:12-cv-00112-REB.) Petitioner recently filed a motion for relief from judgment in his first habeas case.

Before a state prisoner can file a second or successive federal habeas corpus petition challenging the same conviction or sentence as in his first habeas corpus petition, he must

**MEMORANDUM DECISION AND ORDER - 2**

first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). In *Tyler v. Cain*, the United States Supreme Court explained the criteria used to determine whether a second or successive petition can proceed:

> If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. [28 U.S.C.] § 2244(b)(1). And if the prisoner asserts a claim that was *not* presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).

533 U.S. 656, 661-62 (2001).

Case law has further clarified that a habeas petition is considered a second or successive petition if the first petition was dismissed with prejudice, whether on procedural grounds or on the merits of the claims. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1054 (9th Cir. 2005).

There is no discretion to consider this petition. A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks omitted). Here, absent authorization from the United States Court of Appeals for the Ninth Circuit, Petitioner cannot proceed with his current Petition for Writ of Habeas Corpus because he is challenging the same conviction that was adjudicated in his previous federal habeas corpus action, and he does not allege that he has

obtained the required authorization.

The Court concludes that it is without jurisdiction to hear the merits of Petitioner's claims. As a result, the entire case will be dismissed. Petitioner may request authorization from the Ninth Circuit Court of Appeals if he wishes to proceed with a second or successive petition.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 10) is GRANTED, and this action is DISMISSED for lack of jurisdiction.

2. The Clerk of Court shall provide Petitioner with a copy of the successive petitions form to be filed with the United States Court of Appeals for the Ninth Circuit.



DATED: **June 12, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 4**